Fuu), J. (dissenting).
I would affirm the determination of the Appellate Division.
The issue here presented is whether the respondent stepmother may be called upon to contribute to the expense of maintaining in an institution her husband’s child, who had been adjudicated a delinquent. Pursuant to section 56-a of the Domestic Delations Court Act of the City of New York, the child’s father had been required to pay $22.50 a week for that purpose, and the New York City Department of Welfare thereafter instituted the present proceeding to require the respondent also to contribute. The Domestic Delations Court directed her to pay $20 a month “for the support of.” the child; the Appellate Division reversed and dismissed the petition.
The petitioner takes the position that, because a number of statutes require a stepparent to be responsible — after parents and grandparents — for the support of a child who is likely to become a public charge, a stepparent may be compelled, under section 56-a, to contribute to the maintenance of a child in an institution to the extent that the child’s own parent’s contribution is inadequate. I find nothing in the statute which mandates any such result.
Section 56-a of the Domestic Delations Court Act provides that, upon the remand or commitment of a child to a public or private institution, the Department of Welfare shall investigate “ the ability of the parent of the child, or other person legally chargeable, to contribute in whole or in part to the expense incurred by the city of New York on account of the maintenance of such child ” and, if in its opinion, “ such parent or legal custodian is able to contribute in whole or in part”, the Commissioner of Welfare shall institute a proceeding “to compel such parent or other person legally chargeable to contribute such portion of such expense on account of the maintenance of such child as shall be proper and just” (italics supplied). The stepparent is among those declared “legally *548 chargeable” with the stepchild’s support if the former knew of the child’s existence at the time of marriage (N. Y. City Dom. Eel. Ct. Act, § 101, subd. 5).
When the Legislature called upon a ‘1 parent ” or “ other person legally chargeable” to contribute to the child’s support in an institution, its design, quite obviously, was to require the father (if there was one) to pay in the first instance and, if he did, that was the measure of the contribution to be made to the city “ on account of [its] maintenance of such child”. The statute negates the idea that, if the full amount necessary for maintaining the child in an institution was not paid by the father, the balance, or some further sum, could be required of the stepmother. In other words, where the father is found to be “ able to contribute in whole or in part ” to the expense incurred by the city and he pays the amount “assessed” against him, the statute does not authorize the collection of any further amounts from the stepmother.
The language and design of the legislation establish that there was no disposition on the part of the Legislature to require contributions, once the father or other custodian primarily responsible has contributed, from the stepmother or the other persons listed in section 101 as legally chargeable. If the father’s contribution proves inadequate, the legislative scheme requires that the deficit be borne by the city, for the statute negates the existence of multiple liability to be visited in part on the father and in part on the stepmother. As demonstrated by use of the word “ or ” in section 56-a, the liability imposed is in the alternative, not in the conjunctive. Absent a clear indication of a legislative design, the courts may not change the word “or” to “and” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 365). In short, it was the legislative design that a parent, and only a parent, pay for or contribute to the support of his child in an institution; if he made no contribution, the next person “ legally chargeable ” could be required to contribute, first the grandparents and, then, the stepparents.
On the other hand, if the Legislature had meant a stepmother, as well as the child’s own father, to contribute, section 56-a would have so provided, as does subdivision 4 of section 101 of the Domestic Eolations Court Act in a similar situation. That subdivision recites that the ‘ ‘ parents, the grandparents and *549 the children of a dependent person over seventeen years of age * * * who * * * is likely to become a public charge are hereby declared to be severally liable for the support of such poor relative. The court shall determine and apportion the fair and reasonable sum that each such person shall be required to contribute ”. (Italics supplied.) The absence of any such provision in the case of a child committed to an institution is more than persuasive that the liability of a stepparent is only alternative to that of a parent and, hence, where the father pays for some part of the child’s maintenance, no responsibility rests upon the stepmother — or other legally chargeable person—to make a further contribution to the child’s support.
Judges Desmond, Dye and Froessel concur with Chief Judge Conway; Judge Ftjld dissents in an opinion in which Judges Van Voorhis and Burke concur.
Order reversed, etc.